## Weems vs. Stallings.

1808
December.

Weems
vs
Stallings

Appeal from *Calvert* County Court. This was an action of *trover*, brought by the appellant against the appellee, for one hogshead of crop tobacco, weighing 988lbs. &c. to which the general issue was pleaded. At the trial, the plaintiff offered in evidence, that in the year 1802, the defendant carried to the inspection house at *Lower Marlborough* six hogsheads of tobacco, which grew on the farm of the plaintiff during the year 1802, while the defendant acted as the overseer of the plaintiff; three of which hogsheads were crop tobacco, one weighing, &c. three second, one weighing, &c. That the tobacco was inspected in the name of the plaintiff, and the notes delivered to the defendant, to be delivered by him to the plaintiff, but that the defendant delivered only five, and retained the one of the crop hogsheads weighing 988, and which he afterwards sold. The defendant then produced and read in evidence, an agreement in writing entered into between him and the plaintiff, the execution of which was admitted, dated the 9th of September 1801, in which, among other things, it was agreed that the defendant was to serve the plaintiff as an overseer for the ensuing year, 1802, and to receive therefor the sixth part of all tobacco, &c. made by him on the plaintiff's plantation, with the hands, &c. stated to be found and furnished by the plaintiff. The defendant proved that the six hogsheads of tobacco, above mentioned, were made on the plantation of the plaintiff, while the defendant acted as overseer under the above articles of agreement. He then prayed the opinion of the court, and their direction to the jury, that if they should be of opinion, that the hogshead of tobacco sold by the defendant was part of the crop made on the plantation of the plaintiff during the year that the defendant acted as overseer under the above agreement, that the plaintiff is not entitled to recover in the present form of action. And the court, (*Gantt*, Ch. J.) upon this prayer, instructed the jury, that if they should believe, from the evidence, that the tobacco was made upon the plantation of the plaintiff, during the year mentioned in the agreement, when the defendant was overseer, and that there had been no division of the tobacco so made, that the defendant had an undivided property in the tobacco so inspected by virtue of the agreement, and

*In an action of* trover, *brought by an employer against his overseer, to recover the value of a hhd. of tobacco made on the plantation of the plaintiff, and inspected in the name of the employer, and the note delivered to the overseer, to be by him delivered to his employer, but which was retained and sold by the overseer as his share of the crop of six hhds. under an agreement entered into between the parties, stipulating that the overseer should have one-sixth part of all tobacco made—Held, that the plaintiff was entitled to recover.*

1808.

Chapman
vs
Brawner

that the plaintiff could not recover in this action. The plaintiff excepted; and the verdict and judgment being against him, he brought this appeal.

The cause was argued before Chase, Ch. J. Buchanan, and Nicholson, J. by

Johnson, (Attorney-General,) and Magruder, for the Appellant; and by

G. A. Clagett, for the Appellee.

The Court was of opinion that the defendant below was only a hired person; that that character was not changed by his compensation being uncertain and depending on the amount of the profits; that he had no such interest in the crop as would justify him in disposing of it, and that having sold the tobacco in question, he was liable to the plaintiff below in this form of action.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.